**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BETTINA CORTES and
PEDRO CORTES,

        Plaintiffs,

vs.                                                                         Case No.  3:15-cv-1012-J-34JRK

ZIMMER, INC., ZIMMER HOLDINGS,
INC., and ZIMMER ORTHOPAEDIC
SURGICAL PRODUCTS, INC.

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court sua sponte.  On January 6, 2016, the undersigned entered an Order (Doc. No. 22) permitting counsel for Plaintiffs to withdraw from representation.  Because Plaintiffs' counsel requested that, "should Plaintiffs choose to continue to pursue this matter on their own or with new counsel, [they] be given 45 days . . . to enter an appearance in this action and comply with all current and expired deadlines," Motion to Withdraw as Counsel of Record for Bettina Cortes and Pedro Cortes (Doc. No. 17), the Court stayed the case and directed Plaintiffs to file a notice by February 22, 2016 to advise the Court whether they intended to proceed pro se or through counsel, Order (Doc. No. 22) at 2.

When Plaintiffs failed to comply, an Order to Show Cause (Doc. No. 24) was entered on March 9, 2016, directing Plaintiffs to respond by April 8, 2016 as to why the undersigned

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

should not recommend that this case be dismissed without prejudice for failure to prosecute pursuant to Rule 3.10(a), Local Rules, Middle District of Florida.  In the Order (Doc. No. 24), the undersigned warned that failure to respond would result in a recommendation of dismissal of this case without further notice.  To date, Plaintiffs have failed to respond.

Accordingly, it is

**RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** for failure to prosecute pursuant to Rule 3.10(a), Local Rules, Middle District of Florida.

2. That the Clerk of Court be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on April 26, 2016.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record
Pro Se Parties